Cite as: 601 U. S. \_\_\_\_ (2023)          1

# SUPREME COURT OF THE UNITED STATES

VIVEK H. MURTHY, SURGEON GENERAL, ET AL. *v.*
MISSOURI, ET AL.

ON MOTION FOR LEAVE TO INTERVENE

No. 23–411.  Decided December 11, 2023

The motion of the Kennedy Plaintiffs for leave to intervene is denied.

JUSTICE ALITO, dissenting from the denial of the motion to intervene.

Although intervention in this Court is reserved for unusual circumstances, see S. Shapiro, K. Geller, T. Bishop, E. Hartnett, D. Himmelfarb, Supreme Court Practice § 6.16(c), p. 6–62 (11th ed. 2019), I would grant the motion now before us.  Allowing intervention would not unduly prejudice the parties, but the denial of intervention may cause irreparable harm to the movant.

This case concerns what two lower courts found to be a "coordinated campaign" by high-level federal officials to suppress the expression of disfavored views on social media platforms that now serve as the primary source of news about important public issues for many Americans.  *Missouri* v. *Biden*, 83 F. 4th 350, 392 (CA5 2023).  One of the alleged victims of this campaign is Robert F. Kennedy, Jr., who is a candidate for President of the United States.  The District Court found that Government officials have asked social media platforms to block Mr. Kennedy's efforts to communicate with the public and that the platforms have complied.  See *Missouri* v. *Biden*, \_\_\_ F. Supp. 3d \_\_\_, \_\_\_, 2023 WL 4335270, *5, *9, *40 (WD La., July 4, 2023).  Mr. Kennedy brought a suit similar to the one now before us, but his case is stuck in the District Court, which will not rule on his motion for a preliminary injunction until we decide this case.  See *Missouri* v. *Biden*, 2023 WL 4721172, *2

(WD La., July 24, 2023). Mr. Kennedy has therefore moved to intervene here to protect his rights.

Because Mr. Kennedy's arguments on the merits are essentially the same as respondents', allowing intervention would not significantly affect petitioners' burden with regard to that issue. But the denial of intervention is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late as June of that year. And by that time, several months of the Presidential campaign will have passed.

In fact, denying intervention may prevent Mr. Kennedy from obtaining redress for an even longer period. In successfully arguing that we should stay the preliminary injunction entered below, the Government contended strenuously that respondents lack standing. If the Court ultimately agrees with that argument and orders that this case be dismissed, our decision will provide little guidance for deciding Mr. Kennedy's case, and Mr. Kennedy will be required to wait until the District Court separately assesses his claims.

In addition, allowing Mr. Kennedy to intervene would ensure that we can reach the First Amendment issues, notwithstanding the Government's contention that respondents lack standing. Indeed, because Mr. Kennedy has been mentioned explicitly in communications between the Government and social media platforms, he has a strong claim to standing, and the Government has not argued otherwise.

Our democratic form of government is undermined if Government officials prevent a candidate for high office from communicating with voters, and such efforts are especially dangerous when the officials engaging in such conduct are answerable to a rival candidate. I would allow him to intervene to ensure that we can reach the merits of respondents' claims and to prevent the irreparable loss of his First Amendment rights.